IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA A. NEILL,            )
                              )
            Plaintiff,        )
                              )
      v.                      )  Civil Action No. 10-1687
                              )
MICHAEL J. ASTRUE,            )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
            Defendant.        )

MEMORANDUM JUDGMENT ORDER

AND NOW, this _26th_ day of March, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income (SSI) under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her application for SSI on March 31, 2008, alleging a disability onset date of January 15, 2008, due to "unstable, uncontrolled anger" and depression. Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on June 24, 2009, at which plaintiff, represented by counsel, appeared and testified. On July 30, 2009, the ALJ issued a decision finding plaintiff not disabled. On November 29, 2010, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 39 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). Plaintiff has a high school equivalency education and has past relevant work experience as a cashier, dishwasher and deli worker, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes

that plaintiff suffers from the severe impairments of depression and anxiety, those impairments, alone or in combination, do not meet or equal the criteria of any impairment listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in work at any exertional level but with certain non-exertional restrictions accounting for the limitations arising from her mental impairments.[1] Relying on the testimony of a vocational expert, the ALJ concluded that although plaintiff cannot perform her past relevant work, she retains the residual functional capacity to perform jobs existing in significant numbers in the national economy, such as hospital cleaner, laundry worker and hand packager. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind

---

[1]   Specifically, the ALJ found that plaintiff has the following non-exertional limitations: she is limited to performing simple, routine repetitive tasks; she must perform work in a low-stress environment defined as one involving no high-volume or high-speed production quotas, or complex decisionmaking; and she can have only occasional interaction with the public, coworkers or supervisors. (R. 50).

of substantial gainful work which exists in the national economy
...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2]  20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further.  Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff challenges the ALJ's findings at step 3 and step 5.   Specifically, plaintiff alleges that the ALJ: (1) improperly evaluated the medical evidence by failing to accord controlling weight to the opinion of her treating physician; and, (2) improperly evaluated plaintiff's subjective complaints of pain and limitations by finding them to be not fully credible. Upon review, the court is satisfied that all of the ALJ's findings are supported by substantial evidence.

First, the court is satisfied that the ALJ's step 3 finding is supported by substantial evidence.  At step 3, the ALJ must

_____

[2]  The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity.  20 C.F.R. §416.920.  See also Newell, 347 F.3d at 545-46. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §416.920a.

AO 72
(Rev. 8/82)

determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. <u>Burnett v. Commissioner of Social Security Administration</u>, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. <u>Knepp v. Apfel</u>, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §416.920(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." <u>Burnett</u>, 220 F.3d at 119.

Here, as required, the ALJ identified the relevant listed impairments that compare with plaintiff's mental impairments (Listings 12.04 and 12.06) and adequately explained why plaintiff's impairments, alone or in combination, do not meet or equal the severity of those listed impairments. (R. 49-53); <u>see</u> <u>Burnett</u>, 220 F.3d at 120, n.2. In particular, the ALJ found only mild restrictions of activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation. (R. 50). The ALJ explained that his finding is consistent with that of the state agency reviewing physician, Dr. Rattan, and with the overall evidence. (R. 207). Because the Listings require marked restrictions or difficulties in at least two of those areas, and there is no evidence that the "C" criteria are satisfied, the ALJ found that plaintiff does not meet or equal any of the listed impairments.

Plaintiff argues that the ALJ erred at step 3 by improperly rejecting the opinion of her treating physician, Dr. Rock, who indicated on a medical assessment form that plaintiff has marked restrictions of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence or pace; and repeated episodes of decompensation.  (R. 225).  She contends that the ALJ improperly relied upon the opinion of the state agency reviewing physician, who is "not as qualified" as her own treating physician, whose opinion should have been accorded controlling weight.

The court finds no error in the ALJ's evaluation of the medical evidence.  Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight.  20 C.F.R. §416.927(d)(2); Fargnoli, 247 F.3d at 33.  Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight.  Id.  When a treating source's opinion is not entitled to controlling weight, it is to be evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors, including the opinion's supportability, consistency and specialization.  20 C.F.R. §416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence.  The ALJ expressly addressed Dr.

Rock's opinion in his decision and thoroughly explained why he did not give that opinion controlling weight. (R. 53-54). In particular, the ALJ noted that Dr. Rock's opinion is not consistent with the overall evidence or his own findings. (R. 53). In particular, the ALJ pointed out that Dr. Rock's progress notes consistently indicated that plaintiff was stable and making progress towards her goals and was benefitting from her medications. In fact, on the same day that Dr. Rock checked boxes indicating that plaintiff is per se disabled under Listings 12.04 and 12.06, his own progress notes indicated that she was stable, making progress towards her goals, had no signs or symptoms of depression and/or anxiety consistent with more than moderate limitations and had only "some" depression. (R. 54).

The court is satisfied that the ALJ's decision not to give controlling weight to Dr. Rock's opinion is supported by substantial evidence. First, although the ALJ is to consider an opinion from a medical source as to whether a claimant's impairment meets a listing, SSR 96-5p, the final responsibility for that issue is reserved for the Commissioner, 20 C.F.R. §416.927(e)(2), and the opinion of any medical source on that issue is not entitled to any special significance. 20 C.F.R. §416.927(e)(3); see SSR 96-5p.

In addition, as explained by the ALJ, Dr. Rock's conclusion that plaintiff has marked restrictions in any of the requisite functional areas necessary to satisfy the B criteria of Listings 12.04 and 12.06 is inconsistent with the other evidence of record

AO 72
(Rev. 8/82)

as outlined by the ALJ in his decision, including Dr. Rock's own progress notes as well as the findings of the state agency reviewing physician, Dr. Rattan.

Plaintiff's contention that the ALJ erred in rejecting Dr. Rock's assessment in favor of the opinion of the state agency reviewing physician is unpersuasive. Pursuant to the Regulations, state agency medical consultants are "highly qualified physicians ... who are also experts in Social Security disability evaluation." 20 C.F.R. §416.927(f)(2)(i). Accordingly, while not bound by findings made by reviewing physicians, the ALJ is to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §416.927(f)(2)(ii); SSR 96-6p. The ALJ did so here and determined that Dr. Rattan's conclusions were entitled to greater weight than Dr. Rock's because they are more consistent with the overall evidence. The court is satisfied that the ALJ's step 3 analysis is supported by substantial evidence.

Plaintiff also contends that the ALJ erred in evaluating the medical evidence at step 5 in assessing plaintiff's residual functional capacity.[3] Specifically, plaintiff alleges that the ALJ improperly rejected Dr. Rock's opinion that plaintiff has a poor

---

[3]   At step 5, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with her medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g). Residual functional capacity is that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a); Farqnoli, 247 F.3d at 40.

ability to relate to co-workers, deal with the public, interact with supervisors and deal with work stress in a usual work setting. (R. 222).

However, it is clear that the ALJ's residual functional capacity finding did in fact give credence to Dr. Rock's opinion as to plaintiff's ability to make occupational adjustments regarding stress and interaction with others, as the ALJ limited plaintiff to, *inter alia*, a low stress environment with only occasional interaction with the public, co-workers or supervisors. (R. 50). In assessing plaintiff's residual functional capacity finding, the court is satisfied that the ALJ properly evaluated the medical evidence and accommodated those limitations supported by the overall evidence.

Plaintiff also has challenged the ALJ's credibility finding. Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

Here, the ALJ found that while plaintiff's impairments reasonably could be expected to cause plaintiff's alleged symptoms, her statements regarding the intensity, persistence and limiting effects arising from those symptoms are inconsistent with the medical evidence and with her daily activities. (R. 51). Additionally, the medical record, as well as plaintiff's own

statements, indicated improvement in her symptoms when she was on
medication, and §416.929(c)(3)(iv) authorizes an ALJ to consider
the effectiveness of medication in determining the intensity,
persistence and limiting effects of a claimant's symptoms.
Accordingly, the ALJ concluded that the clinical and objective
findings are inconsistent with an individual experiencing totally
debilitating symptomatology. (R. 51).

In assessing credibility the ALJ considered plaintiff's
subjective complaints, but <u>also</u> considered those complaints in
light of the medical evidence and all of the other evidence of
record.   20 C.F.R. §416.929(c); <u>see also</u> SSR 96-7p. The ALJ
adhered to the appropriate standards set forth in the regulations
and SSR 96-7p and adequately explained the reasons for his
credibility finding, which is supported by substantial evidence.

Moreover, while it is true, as plaintiff now asserts, that
sporadic and transitory activities cannot be used to show an
ability to engage in substantial gainful activity, <u>see Fargnoli</u>,
247 F.3d at 40, n.5, the ALJ did not do so here.   Instead, in
determining plaintiff's residual functional capacity, the ALJ
properly considered plaintiff's allegations in light of <u>not only</u>
her activities of daily living but also in light of the medical
evidence, which revealed the absence of clinical and objective
findings supporting plaintiff's allegations of <u>totally</u>
debilitating symptoms.   (R. 51).

It also is important to note that while the ALJ did not find
plaintiff's subjective complaints entirely credible, the ALJ did

accommodate plaintiff's allegations as to the limitations arising from her impairment to the extent her allegations are supported by the medical and other evidence.   Only to the extent that plaintiff's allegations are not so supported did the ALJ find them to be not credible.   The court is satisfied that the ALJ's evaluation of plaintiff's credibility is supported by substantial evidence.

Finally, the court finds that the ALJ did not err in rejecting the vocational expert's response to a hypothetical posited by plaintiff's attorney suggesting an individual who would be off task as a result of crying spells occurring approximately every other day at unpredictable times and would last for about thirty minutes.   (R. 40).   The vocational expert testified that such an individual would not be capable of sustaining substantial gainful activity.

A hypothetical to the vocational expert must reflect only those impairments and limitations supported by the record, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984).   The additional limitation advanced by plaintiff is supported neither by the objective medical evidence nor by plaintiff's daily activities. Accordingly, the vocational expert's response to plaintiff's hypothetical properly was disregarded.   See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence).

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc:   Terry K. Wheeler, Esq.
      56 Clinton Street
      Greenville, PA 16125

      Paul Kovac
      Assistant U.S. Attorney
      U.S. Post Office & Courthouse
      700 Grant Street, Suite 4000
      Pittsburgh, PA 15219

AO 72
(Rev. 8/82)